UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NICOLE BURGESS,

               Plaintiff,

       vs.

TWO CHARLTON OWNERS CORP.,
CHARLTON OWNERS CORP. and ABIGAIL
CONGER,

            Defendants.
- - - - - - - - - - - - - - - - - x

**COMPLAINT**

Case No.: 1:18-cv-

**JURY TRIAL DEMANDED**

Plaintiff, NICOLE BURGESS (hereinafter the "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues TWO CHARLTON OWNERS CORP., CHARLTON OWNERS CORP. and ABIGAIL CONGER, (hereinafter, the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., of the AMERICANS WITH DISABILITIES ACT ("ADA"), the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331, 1343, 2201 and pursuant to §1367(a) and the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York.

1

2.      Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York and the acts of discrimination alleged in this complaint occurred in this District and the public accommodation which is the subject of this action is situated in this District.

3.      The remedies provided by the New York State Human Rights Law Against Discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4.      At the time of Plaintiff's visit to the Defendant's Subject Facility in June of 2018 prior to instituting the instant action, NICOLE BURGESS, (hereinafter referred to as "Plaintiff") was a resident of the City and State of New York and suffers from what constitutes a "qualified disability" under the Americans with Disability Act of 1990. She is an individual who sustained injuries to her spinal cord resulting in an impairment in motor and sensory function of the lower half of her body. Because Plaintiff is required to traverse in a wheelchair, she is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Upon information and belief Defendants are authorized to conduct, and is conducting business within the State of New York and is the owner, lessee and/or operator of the real property (hereinafter and heretofore referred to collectively as "Defendants' Property") and the owner of the improvements of the Subject Facility which is located at 2-18 Charlton Street and/or 181-197 Avenue of the Americas  New York, New York 10013 (hereinafter and heretofore referred to collectively as "Subject Facility").

6.      Upon information and belief the defendants maintain, manages and controls the Subject Facility, having multiple retail establishments, Lou's Coin Shop, Charlton Cleaners & Tailors, Ku's Nails and Spa and Drago Shoe Repair, and is a "place of public accommodation" within the meaning of Title III of the ADA because its operations affect commerce and among other things, it is "a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment; "42 U.S.C. §12181(7)(B); see 28 C.F.R. §3 6.104 and §36.207, as the places of public accommodation are located in private residences. All events giving rise to this lawsuit occurred in the City and State of New York and as such venue is proper in this Court as the premises are located in the City and State of New York.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were Provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

8.      Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(i)      historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(ii)      discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv)      individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v)      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

9.      Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(i)      provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(ii)      invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

10.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Subject

Facility is a place of public accommodation in that it is within the meaning

of Title III of the ADA because its operations affect commerce and

among other things, it is "a laundromat, dry-cleaner, bank, barber shop,

4

beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment; "42 U.S.C. §12181(7)(B); see 28 C.F.R. §3 6.104 and sec. 36.207, as the places of public accommodation are located in private residences.

11.     The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations, and/or undergone substantial remodeling, repairs and/or alterations, since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications.

(i)     Defendants have discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C.§12182(b)(2)(a)(iv), where such removal is readily achievable.

(ii)    The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property. Prior to the filing of this lawsuit, Plaintiff personally visited Defendants' Property, with the intention of using Defendants' facilities, but was denied access to each and every Retail store at the Subject Property, and therefore suffered an injury in fact. Plaintiff specifically intends to visit the Subject Facility in the

future, but continues to be injured in that she is unable to and continues to be discriminated against due to the architectural barriers which remain at Subject Property, all in violation of the ADA, and the New York State and New York City Human Rights Law. The barriers to access each and every retail store have effectively denied or diminished Plaintiff's ability to visit the property and have caused embarrassment, anxiety and frustration to Plaintiff.

(iii)    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with D i s a b i l i t i e s  Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

12.    The Defendant's Subject Facility is in violation of 42 U.S.C. §12181, et. seq., the ADA and 28 C.F.R. §36.302, et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

This property fails to comply with section; 206.2.1 Site Arrival Points.  At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.  Failure to provide accessible entrances to the entire Subject Facility due to the steps at each and every entrance and the failure to install ramps with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrances, as required by 28 C.F.R. Part 36. These steps are insurmountable barriers to the ingress and egress of Plaintiff and individuals who use wheelchairs violating 207. Standards 4.3.2(1) requires at least one accessible route be provided from public streets or sidewalks to the accessible

building entrances they serve. The steps violate 206.4 which require that entrances shall comply with 404 and be on an accessible route complying with 402. Failure to provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16). Failure to provide signage in the Subject Facility addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.  4.5.1*. General Ground and floor surfaces along accessible routes and in accessible rooms and spaces including floors, walks, ramps, stairs, and curb ramps, shall be stable, firm, slip-resistant, and shall comply with 4.5.  4.3.10* Egress: Accessible routes serving any accessible space or element shall also serve as a means of egress for emergencies or connect to an accessible area of rescue assistance. Photographs depicting some of the discriminatory barriers are annexed as *Exhibit A,* made a part hereof and incorporated by reference herein.

13.  Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only upon a full inspection can all said violations be identified.

14.  To date the architectural barriers, the removal of which is readily achievable, and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15.  Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

16.  Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facility to make them independently accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities

until the requisite modifications are completed. Defendants' failure to

remove the barriers to access constitutes a pattern and practice of

disability discrimination in violation of 42 U.S.C. sections

12188(b)(1)(B)(i), (b)(2)(A)(iv), and 28 C.F.R. Sec. 503(a).

## COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

17.     The New York City Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability …

NYC Admin. Code § 8-107(4)(a).

18.     Defendants are in violation of the New York City Human Rights Law by

denying the Plaintiff full and safe access to all of the benefits,

accommodations and services of the Subject Facility.

19.     Plaintiff repeats and re-alleges the allegations of paragraphs 1

through 18 as if set forth in their entirety herein.

## COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

20.     The New York State Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages,

facilities or privileges thereof to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability ……NYS Executive Law § 296 (2)(a).

21. Defendants' Property is a place of public accommodation as defined in the New York State Human Rights Law.

22. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

23. Defendants are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

24. The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law §296(2)(c)(iii).

25. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 25 as if set forth in their entirety here.

26. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of the Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to humiliation, embarrassment, stress and anxiety.

28. The Defendants have subjected, and continues to subject Plaintiff to disparate treatment by directly and/or indirectly refusing, withholding, and denying the full accommodations of the Subject Facility, and advantages, facilities and privileges of its place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

29.     The Defendants have discriminated against Plaintiff in violation of
        Administrative Code of the City of New York, § 8-107(4), and Local
        Law 58 by maintaining and/or creating an inaccessible place of public
        accommodation.

30.     The Local Civil Rights Restoration Act of 2005 (the "Restoration
        Act"), also known as Local Law 58, clarified the scope of the
        Administrative Code in relation to the New York City's Human Rights
        Law. The Restoration Act confirmed the legislative intent to abolish
        "parallelism" between the Administrative Code and the Federal and
        New York State anti-discrimination laws by stating as follows:
        The provisions of this title shall be construed liberally for the
        accomplishment of the uniquely broad and remedial purposes thereof,
        regardless of whether federal or New York State civil and human rights
        laws, including those laws with provisions comparably-worded to
        provisions of this title, have been so construed.

                Restoration Act § 7 amending Administrative Code § 8-130
                (emphasis added).

31.     The Administrative Code is to be construed broadly in favor of
        Plaintiff to the fullest extent possible. Albunio v. City of New York,
        2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

32.     As a direct and proximate result of the Defendants' unlawful
        discrimination, in violation of Administrative Code of the City of New York,
        Plaintiff has suffered an injury in fact.

33.     The Defendants' long-standing refusal and/or lack of effort to make the

Subject Facility fully accessible was egregious and undertaken with

reckless disregard to Plaintiff's rights under the Administrative Code.

33.   By failing to comply with the law in effect for decades, the

Defendants have articulated to disabled persons, such as the

Plaintiff, that they in effect are not welcome and not desired as

patrons of its place of public accommodation.

34.   The Defendants unlawful discriminatory conduct constitutes

willful and wanton violations of the Administrative Code for

which Plaintiff is entitled to an award of punitive damages.

Administrative Code § 8-502.

35.   The Plaintiff repeats and re-alleges the allegations of paragraphs 1

through 36 as if set forth in their entirety here.


## ATTORNEYS' FEES AND COSTS

36.   The Plaintiff has been obligated to retain the undersigned counsel for the

filing and prosecution of this action. The Plaintiff is entitled to have her

reasonable attorneys' fees, costs and expenses paid by Defendants, pursuant to the

ADA and the New York City Human Rights Law.

Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including

compensatory damages contemplated by § 297(9).

## DAMAGES

37.   Plaintiff demands compensatory damages in the sum of TWENTY-

FIVE THOUSAND DOLLARS ($25,000.00) per violation of the NYCHRL

and the NYSHRL, severally;

11

**<u>INJUNCTIVE RELIEF</u>**

38.   Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights Law and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A.    The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants is violative of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

B.    The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA, the NYCHRL and the NYSHRL;

C.    Award plaintiff compensatory damages in a sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) per violation of the NYCHRL and the NYSHRL, severally;

D.    Issue a permanent injunction against the defendants, requiring defendant, and all persons or entities in active concert therewith, to provide accessible route into the restaurant at the Premises for individuals who use wheelchairs, and to make all public portions of the Premises accessible to her.

E.     Find that Plaintiff is a prevailing party in this lawsuit and award reasonable attorney's fees, costs and expenses against defendants, and award such other and further relief, at law or in equity, to which Plaintiff may be justly entitled and;

F.     The Court awards such other and further relief as it deems necessary, just and proper.

### JURY DEMANDED

Plaintiff demands a trial by jury of all issues of fact and damages.

Dated:  Syosset, New York
          June 30, 2018

                                              _____S/S_____
                                          Stuart H. Finkelstein, Esq.
                                          Finkelstein Law Group, PLLC
                                          Attorneys for Plaintiff
                                          338 Jericho Turnpike
                                          Syosset, New York 11791
                                          (718) 261-4900









