```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
NICOLE BURGESS,                                                :
                                                               :
                                              Plaintiff,       :
                                                               :
                    -against-                                  :
                                                               :
TWO CHARLTON OWNERS CORP. and                                  :
CHARLTON OWNERS CORP.;                                         :
                                                               :
                                              Defendants.      :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/3/2019

18-CV-5955 (VEC)

ORDER TO SHOW
CAUSE WHY THIS CASE
SHOULD NOT BE
DISMISSED

VALERIE CAPRONI, United States District Judge:

WHEREAS on December 17, 2018, in a separate case pending before the undersigned brought by Plaintiff Burgess alleging violations of the Americans with Disabilities Act, the Court ordered counsel for Plaintiff, Stuart H. Finkelstein, Esq., to show cause why that case should not be dismissed and why other sanctions should not be imposed upon him and Plaintiff Burgess for repeated failures to comply with this Court's discovery orders, *see* Order to Show Cause [Dkt. 57], *Burgess v. Goodman*, No. 18-CV-6584 (S.D.N.Y. Dec. 17, 2018); *see also* Order [Dkt. 52], *Burgess v. Goodman*, No. 18-CV-6584 (S.D.N.Y. Nov. 28, 2018) (cataloging Mr. Finkelstein's repeated failures to comply with this Court's discovery orders in this and two other, similar cases before the undersigned);

WHEREAS on December 26, 2018, in response to that order to show cause, Mr. Finkelstein submitted an affidavit and memorandum of law stating, among other things, that "Plaintiff [Burgess] has been unavailable for [him] to obtain her authorization for her medical records"; that since the initial pretrial conference in this matter, Mr. Finkelstein has "been unable to communicate with Plaintiff and therefore unable to secure the medical authorization"; and that although "[i]t would certainly be in the case's best interest to comply," Mr. Finkelstein is

"unable to do so at this point in time," Aff. of Stuart Finkelstein in Opp. re: Order to Show Cause [Dkt. 59], *Burgess v. Goodman*, No. 18-CV-6584 (S.D.N.Y. Dec. 26, 2018) at 1-2; and

WHEREAS Plaintiff Burgess is plaintiff to five ADA Complaints pending in this district (*see Burgess v. Two Charlton Owners Corp.*, 18-CV-5955 (VEC); *Burgess v. Bartocci*, 18-CV4691 (PGG); *Burgess v. Jakobson*, 18-CV-5001 (GBD); *Burgess v. Goodman*, No. 18-CV-6584 (VEC); *Burgess v. Sixth Street Assoc.*, 18-CV-7405 (KPF)), and Mr. Finkelstein is her attorney in all of them,

IT IS HEREBY ORDERED that no later than **January 11, 2019**, Mr. Finkelstein must submit an affidavit, <u>signed under penalty of perjury</u>, specifying (1) when he last had contact with Plaintiff Burgess and (2) precisely what efforts he has made to contact her since their last communication.  Vague statements—e.g., "Plaintiff has been unavailable for me to obtain her authorization for her medical records"—are insufficient.

IT IS FURTHER ORDERED that no later than **January 11, 2019**, Mr. Finkelstein must file a memorandum of law showing cause why this case should not be dismissed because Mr. Finkelstein has lost all contact with his client, the Plaintiff.  No more than fourteen days after Mr. Finkelstein submits his responses to this order, counsel for Defendants may file any submissions, motions, or applications, by letter/s supported by affidavits consistent with Local Civil Rule 7.1(a)(2), bearing on the appropriate disposition of this case in light of Mr. Finkelstein's apparent inability to communicate with his client.  Courtesy copies of any papers filed shall be sent to the Court.  Should Defendants make any submissions in response to this order, Mr. Finkelstein shall, within seven days, file and provide the Court with courtesy copies of any additional materials he believes the Court should consider.  The Court will then determine whether this case shall be dismissed.

IT IS FURTHER ORDERED that all other proceedings in this case, including court-annexed mediation, are STAYED pending resolution of proceedings arising from this order.

IT IS FURTHER ORDERED that no later than **January 7, 2019**, Mr. Finkelstein must file a letter in Nos. 18-CV4691 (PGG), 18-CV-5001 (GBD), and 18-CV-7405 (KPF)), notifying the Judge presiding over each case that Mr. Finkelstein has lost contact with Plaintiff Burgess. To each letter, Mr. Finkelstein must append a copy of this order. By the same date, Mr. Finkelstein must file a letter with the undersigned affirming that he has filed the required letters consistent with this order.

**SO ORDERED.**

Date:  January 3, 2019  
       New York, New York

**VALERIE CAPRONI**  
**United States District Judge**