UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
NICOLE BURGESS,

                                            Plaintiff,

            -against-                                18-CV-5955(VEC)

                                                           **ATTORNEY**
TWO CHARLTON OWNERS CORP. and        **AFFIRMATION**
CHARLTON OWNERS CORP.,

                                        Defendants.
-----------------------------------------------------------------------X

       Gary Ehrlich, an attorney admitted to practice law in the State of New York, affirms under the penalties of perjury as follows:

       1.    I am a member of Boyd Richards Parker & Colonnelli, P.L., attorneys for Two Charlton Owners Corp.  As such, I am fully familiar with the facts and circumstances herein.[1]

       2.    I submit this affirmation in support of the Court's Order to Show Cause dated January 3, 2019, with respect to Ms. Burgess's failure to contact her attorney Stuart Finkelstein and apparent lack of interest to prosecute this case.

       3.    On June 30, 2018, plaintiff Nicole Burgess commenced the instant action. [Dkt. No. 1].  On August 8, 2018, Mr. Finkelstein filed an Affidavit of Service for, *inter alia*, defendant Two Charlton.  Before issue was joined, Mr. Finkelstein wrote a letter to the Court and requested an extension of time to effectuate service on Two Charlton, and he sought to move for default judgment even though he previously filed an affidavit of service and sought a certificate of default. [Dkt. No. 21].  The Court denied Mr. Finkelstein's request; instructed him to submit a

---

[1] The terms herein are defined in the accompanying memorandum of law in support of the Court's Order to Show Cause dated January 21, 2019.

letter that reconciles his inconsistent statement that he needed additional time to effectuate service even though he filed affidavits of service indicating that service was properly made; and directed him to comply with the Court's Individual Rules if he wanted to move for default judgment. [Dkt. No. 22].  On September 19, 2018, issue was joined.[2] [Dkt. No. 28].  By January 3, 2019, it became apparent to the Court that the plaintiff has not been participating in this case or another case pending before the Court; thus, it issued the subject Order to Show Cause. [Dkt. No. 36].

4. This case should be dismissed because Mr. Finkelstein has not had any communication with Ms. Burgess for almost two months and he has not demonstrated that he has the means to contact her in the near future.  Ms. Burgess's lack of communication with her counsel demonstrates her lack of interest in continuing this case.  The Court should not endeavor to waste any more of its resources on this litigation.

5. Further, the Court should dismiss this case because of Mr. Finkelstein's documented disregard of this Court's Individual Rules and Orders.  Indeed, Mr. Finkelstein attempted to file a motion for default judgment in contravention of the Court's Rules, failed to cooperate with Defendant's counsel to timely submit a case management plan and scheduling order, and disregarded the Court's directive regarding his sworn affidavit for the instant Order to Show Cause.

6. Plaintiff's apparent disinterest in litigating this case and Mr. Finkelstein's failure to abide by the Court's Rules and Orders provide sufficient bases for the Court to dismiss this action.

---

[2] On September 19, 2018, Two Charlton re-filed its answer with cross-claims pursuant to the Court's Notice in connection with a deficient pleading. [Dkt. No. 27]. During the initial pretrial conference, plaintiff voluntarily dismissed her claims against defendants Charlton Owners Corp. and Abigail Conger, and Two Charlton Owners Corp. voluntarily dismissed its cross-claims against same. [Dkt. No. 35].

**WHEREFORE,** for all the foregoing reasons, Two Charlton respectfully requests that the Court dismiss the case with prejudice.

DATED:   New York, New York
             January 21, 2019

                                                        _____
                                                          Gary Ehrlich