UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
NICOLE BURGESS,

                                                Plaintiff,

            -against-                                         18-CV-5955(VEC)

TWO CHARLTON OWNERS CORP. and
CHARLTON OWNERS CORP.,

                                             Defendants.
---------------------------------------------------------------------------X

**MEMORANDUM OF LAW OF DEFENDANT TWO CHARLTON OWNERS CORP.
IN SUPPORT OF THE COURT'S ORDER TO SHOW CAUSE**

**BOYD RICHARDS PARKER & COLONNELLI, P.L.**
*Attorneys for Two Charlton Owners Corp.*
7 Times Square, 19th Floor
New York, New York 10036
212-400-0626

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Two Charlton Owners Corp. ("Defendant" or "Two Charlton") in support of the Court's Order to Show Cause why this case should not be dismissed ("Order to Show Cause").

Plaintiff Nicole Burgess commenced this action nearly seven months ago, but has not had any communication with her attorney Stuart Finkelstein since last November. As demonstrated through Mr. Finkelstein's affirmation, he can no longer reach the plaintiff over the phone and she has not made any attempt to contact him to litigate the case. The Court must infer from Plaintiff's lack of communication that she no longer wishes to prosecute this case. Without the plaintiff, this case cannot continue. Accordingly, it would be in the Court's interest to dismiss the Complaint and remove this case from its calendar.

Additionally, the Court should dismiss the Complaint because of Mr. Finkelstein's documented failures in obeying the Court's Orders. Initially, Mr. Finkelstein attempted to circumvent the Court's Individual Rules for making a motion for default judgment. The Court admonished him for his indiscretion. Not long thereafter, he also failed to cooperate with the undersigned to timely submit a case management plan and scheduling order in advance of the initial pretrial conference. As it pertains to the instant motion, Mr. Finkelstein failed to comply with the Court's specific instructions for the subject Order to Show Cause in that he did not describe his efforts to contact his client since their last communication. His statements were vague and left more questions than they provided answers.

For these reasons, the Court should dismiss this case with prejudice.

**PROCEDURAL HISTORY**

Defendant respectfully refers the Court to the docket and the undersigned's Attorney Affirmation for a brief recitation of the relevant procedural history.  In the interest of brevity, we will not reiterate the case's procedural history here.

**ARGUMENT**

I.  **The Court Should Dismiss The Complaint Because Plaintiff Has Not Demonstrated Any Interest in Prosecuting This Case**

"A plaintiff has a general obligation to prosecute his case diligently." *Watkins v. Matarazzo*, 2015 U.S. Dist. LEXIS 178636, *27-28 (S.D.N.Y. 2015, 13-cv-2477) citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  The Federal Rules of Civil Procedure provide that a defendant may move to dismiss an action or any claim against it if the plaintiff fails to prosecute, comply with the F.R.C.P., or comply with a court order. F.R.C.P. 41(b). "Where a plaintiff fails to comply with court orders and/or fails to prosecute an action pending in district court, the court may dismiss the action *sua sponte* for failure to prosecute." *Capellan v. Dep't of Homeland Sec.*, 2008 U.S. Dist. LEXIS 47131, * 5-6, 2008 WL 2512491 (S.D.N.Y. Jun. 13, 2008, 06-cv-2551(KMW)).  "A court may find prejudice where the intransigent party's behavior has cluttered the court's docket and outweighed the case's value to the plaintiff." *Watkins*, 2015 U.S. Dist. LEXIS 178636 at *27-28 (S.D.N.Y. 2015, 13-cv-2477). "[D]ismissal with prejudice is a harsh remedy to be only utilized in extreme situations. Nonetheless, the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded

courts." *Lyell Theatre Corp.*, 682 F.2d at 42 (2d Cir. 1982) (internal quotation marks and citations omitted).

According to Mr. Finkelstein, he has lost all contact with the Plaintiff since November 2018. [Finkelstein Affirmation at ¶ 2]. The two-month time period that has elapsed since Mr. Finkelstein's last communication with the plaintiff leaves the Court and the parties to question whether at the very least plaintiff wants to prosecute this case. Certainly, the Court can infer that plaintiff's lack of communication with her counsel is indicative of her non-interest in this case. Furthermore, plaintiff's status as a New York resident also remains in question. Unfortunately, Mr. Finkelstein's affirmation did not provide any information on his client's whereabouts. Thus, the Court can reasonably infer that plaintiff is a "serial litigant," who may no longer reside in New York State and who has no intention of prosecuting this case, and that she only commenced this action (along with several others) to recover a nominal fee while Mr. Finkelstein collects substantial attorney's fees. Moreover, plaintiff's conspicuous disinterest in this case unnecessarily clogs the Court's calendar, especially during a time when judicial resources are already strained.

Taking into consideration the plaintiff's demonstrated lack of interest in this case and the other case currently pending before this Court (*see Burgess v. Goodman*, No. 18-cv-6574); Defendant Two Charlton respectfully submits that if it is in the Court's judicial interest to dismiss the Complaint on the grounds of plaintiff's failure to prosecute the case.

## II.   *The Court Should Dismiss The Case Because Plaintiff's Counsel Failed To Comply with The Court's Order To Show Cause*

As illustrated in the Order to Show Cause, the Court highlighted plaintiff's counsel's overall propensity for disobeying the Court's Individual Rules and Orders. [*See generally* Dkt. No. 36, "Order to Show Cause"]. Mr. Finkelstein's conduct from the inception of this action continues the same trend and the Court should dismiss this case accordingly.

Prior to the recent Order to Show Cause, the Court admonished Mr. Finkelstein for (1) filing affidavits of service and certificates of default for all Defendants while also seeking an extension of time to effectuate service [*see* Dkt. No. 22];[1] and (2) failing to submit a timely joint letter and case management plan in advance of the October 19, 2018 pretrial conference.[2]

As described above, the dockets for this case and *Burgess v. Goodman*, show Mr. Finkelstein's uncooperative behavior and disobedience of the Court's Orders. Thus, the Court issued an Order to Show Cause wherein the Court Ordered Mr. Finkelstein to submit a signed affidavit, specifying "(1) when he last had contact with Plaintiff Burgess and (2) precisely what efforts he has made to contact her since their last communication. Vague statements—e.g., 'Plaintiff has been unavailable [. . .]'—are insufficient." [Dkt. No. 36].

Mr. Finkelstein responded to the Order to Show Cause with an affidavit that stated:

> My last contact with Plaintiff Burgess was the last week of November, 2018. Since that time I have been unable to contact Plaintiff Burgess." I have called Plaintiff Burgess and her phone number is not working and have been unable to communicate with her.

---

[1] On August 16, 2018, after the Court instructed Mr. Finkelstein to comply with the Court's Individual Rules, Mr. Finkelstein apparently withdrew his request for an extension of time to pursue a default judgment.

[2] Although Hon. Caproni remarked that the parties' respective counsel must comply with her Individual Rules, the undersigned submits that the parties did not timely submit the case management plan and scheduling order because of Mr. Finkelstein's non-cooperation in providing his contribution. [*See* Dkt. Nos. 32].

4

[Finkelstein Affirmation ¶¶ 2-3].

On its face, Mr. Finkelstein's submissions fail to comply with the Court's Order to Show Cause. Mr. Finkelstein's three-sentences in his Attorney Affirmation merely reiterate what the Court already knows - - *i.e.*, that he no longer has contact with the plaintiff. However, Mr. Finkelstein's recitation of the obvious does not "precisely describe" his efforts to contact the plaintiff. Mr. Finkelstein's submissions are simply deficient. Mr. Finkelstein failed to provide any basis for the Court to continue the plaintiff's case. Indeed, Mr. Finkelstein failed to identify: (i) when and how many times he tried to call the plaintiff in November 2008; and (ii) whether he used any alternative methods of communication to contact the plaintiff (*i.e.*, text, email, letter, personal visit(s), etc.). Accordingly, the only inference that the Court may draw from this is that plaintiff no longer wishes to prosecute this case. Without plaintiff, the parties could not attempt to resolve this matter through settlement, or even litigate the case through summary judgment and possibly trial. Despite his contentions, Mr. Finkelstein cannot litigate this case without the plaintiff.

[*THIS SPACE IS INTENTIONALLY LEFT BLANK*]

## CONCLUSION

For all of the foregoing reasons, Two Charlton respectfully requests that the Court dismiss this case with prejudice.

Dated: New York, New York
       January 21, 2019

                                      **BOYD RICHARDS PARKER & COLONNELLI, P.L.**
                                      *Attorneys for Two Charlton Owners Corp.*

                              By:       /s/ Gary Ehrlich
                                     Gary Ehrlich
                                     Russell Edwards
                                 7 Times Square, 19th Floor
                                 New York, New York 10036
                                 (212) 400-0626