UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NICOLE BURGESS,

                       Case No.: 1:18-cv-05955-VEC

            Plaintiff,

- against -

TWO CHARLTON OWNERS CORP.,
CHARLTON OWNERS CORP. and ABIGAIL
CONGER,

           Defendants.
------------------------------------------------------------x

                       Judge Valerie E. Caproni


## PLAINTIFF'S MEMORANDUM OF LAW


                Stuart H. Finkelstein, Esq.
                Finkelstein Law Group, PLLC
                Attorney for Plaintiff
                338 Jericho Turnpike
                Syosset, New York 11791
                Telephone: (718) 261-4900

**Questions Involved:**

**Rule 1.2 (a) of the Rules of Professional Conduct provides in part: A lawyer shall abide by a client's decision whether to settle a matter.**

**Question 1.** Does an attorney who cannot reach his client to obtain her signature on a court ordered HIPPA disclosure release, and who has been served with a motion to dismiss pursuant to FRCP 41(a) [based upon his failure to provide the release and thereby prosecute the case], and who, without the consent of the client, consents to a dismissal with prejudice, violate Rule 1.2(a) of the rules of professional conduct?

**Suggested Answer**: Not in this ADA action under Title III where consent to dismissal was not a settlement.

**Discussion**:
An attorney cannot settle a case without the consent of his client. Where an attorney settles a case without the consent of his client, the client is not bound by the settlement, unless the attorney had apparent authority to settle the case. Here, the court was aware of the fact that the attorney could not reach his client and it was clear that he had no apparent authority to settle the case. If consent to dismiss is considered a settlement the client is not bound by the settlement, and is not prejudiced since the client may commence a new action for the same injunctive

relief, and the attorney, in effect, has not settled the case. See *Leslie v. Van Vranken*, 24 A.D.2d 658, 261 N.Y.S.2d 103 (3d Dep't 1965) (compromise made without client authorization is a nullity and unenforceable); *In re Mercury*, 280 B.R. 35, 50 (Bkrtcy. S.D.N.Y., 2002) If a consent to dismissal with prejudice is not a settlement of the case, but a tactical decision by the attorney, an attorney who consents to dismissal with prejudice does not violate Rule 1.2(a) of the rules of professional conduct which deals with settlement of a case without the consent of the client.

**Question 2**. Assuming, for purposes of argument, that a consent to dismissal of a case with prejudice is a settlement, does an attorney who cannot reach his client to obtain her signature on a court ordered HIPPA disclosure release, and who has been served with a motion to dismiss pursuant to FRCP 41(a) [based upon his failure to provide the release and thereby prosecute the case], and who settles the case without the consent of the client, by dismissal with prejudice, violate Rule 1.2(a) of the rules of professional conduct where the court is on notice that he has not communicated with his client to obtain her consent to the settlement, and the Court makes an Order in which it accepts and thereby approves of the settlement?

**Suggested Answer**: No. The settlement has been accepted and approved by the Court.

**Discussion:**
   (1) By accepting, and thereby approving of the stipulation in the first paragraph of its order dated January 29, 2019, with knowledge that the attorney did not have the consent of his client to enter into the settlement, the Court has approved of the attorney settling the case without his client's consent.
   (2) The order approving of the settlement became the "law of the case".

(3) The second paragraph of the Order dated January 29, 2018 which directs the attorney to show cause why he should not be referred to the Grievance Committee of the Southern District of New York "for voluntarily dismissing his client's case with prejudice in apparent violation of Rule 1.2(a) of the New York Rules of Professional Conduct" conflicts with the first paragraph of the order and should be vacated; or the first paragraph of the order should be vacated and the judgment settling the case should be vacated.

## The Americans with Disabilities Act

This is an action under Title III of the Americans with Disabilities Act of 1990 (ADA)(42 U.S.C.A. §§ 12101 et seq.)  Under title III of the Act (Pub.L. 101-336, Title III, § 308, July 26, 1990, 104 Stat. 363) no place of public accommodations may discriminate against disabled persons.[1] They are required to make accommodations for persons who are legally disabled. A failure to follow ADA accommodation requirements can subject businesses to private lawsuits. [2]

---

[1] 42 U.S.C.A. § 12182. Prohibition of discrimination by public accommodations.  (a) General rule. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

[2] ADA Title III, Reg 28 CFR Sec.36.501 Private suits.

(a) General. Any person who is being subjected to discrimination on the basis of disability in violation of the Act or this part or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 303 of the Act or subpart D of this part may institute a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order. Upon timely application, the court may, in its discretion, permit the Attorney General to intervene in the civil action if the Attorney General or his or her designee certifies that the case is of general public importance. Upon application by the complainant and in such circumstances as the court

The ADA creates a duty for businesses to ensure that patrons are accommodated with regards to disabilities. An example of an ADA violation is a failure to install a wheelchair ramp where necessary.

The Department of Justice regulations, known as the "Americans with Disability Act Accessibility Guidelines for Buildings and Facilities," list the minimum requirements for ADA compliance. The ADA uses the Accessibility Guidelines to show a violation of the ADA. A business can defend the ADA claim if it shows removal of the barriers is not readily achievable.

Any person who is being subjected to discrimination on the basis of disability in violation of the ADA may institute a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order. A successful plaintiff in an action for violations of ADA

---

may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the civil action without the payment of fees, costs, or security. Nothing in this section shall require a person with a disability to engage in a futile gesture if the person has actual notice that a person or organization covered by title III of the Act or this part does not intend to comply with its provisions.

requirements can obtain an injunction[3] requiring the business to remedy the condition.[4]

In addition, in any action or administrative proceeding commenced pursuant to the Act the court may allow the prevailing party, reasonable attorney's fees, including litigation expenses, and costs.[5] The Americans with Disabilities Act of

---

[3] ADA Title III, Reg 28 CFR Sec 36.501 (b). **(b) Injunctive relief.** In the case of violations of Sec.36.304, Sec..36.308, 36.310(b), 36.401, 36.402, 36.403, and 36.405 of this part, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the Act or this part. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by the Act or this part.

[4] See ADA Title III Regulations, 28 CFR Part 36 at https://www.ada.gov/reachingout/t3regl9.html

[5] 42 U.S.C.A. § 12188. Enforcement

(a) **In general**

**(1)** Availability of remedies and procedures

The remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 12183 of this title. Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions.

**(2)** Injunctive relief

In the case of violations of sections 12182(b)(2)(A)(iv) and section[1] 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this subchapter. (Pub.L. 101-336, Title III, § 308, July 26, 1990, 104 Stat. 363.)

1990 (42 U.S.C.A. §§ 12101 et seq.) (ADA), expressly incorporates the remedies provided under the Civil Rights Act of 1991 (42 U.S.C.A. § 1981a), and the Rehabilitation Act of 1973 (29 U.S.C.A. § 794a). In actions brought under Title I for employment discrimination on the basis of disability, compensatory and punitive damages, injunctive relief and attorneys' fees are available. In actions brought under Title II for disability discrimination in public services, injunctive relief and attorneys' fees are available. In actions under Title III for disability discrimination in public accommodations operated by private entities, injunctive

---

```
        42 U.S.C.A. § 2000a-3. Civil actions for injunctive relief
     (a) Persons  aggrieved;  intervention  by  Attorney  General;  legal
representation; commencement of action without payment of fees, costs, or
security
     Whenever any person has engaged or there are reasonable grounds to believe
that any person is about to engage in any act or practice prohibited by section
2000a-2 of this title, a civil action for preventive relief, including an
application for a permanent or temporary injunction, restraining order, or other
order, may be instituted by the person aggrieved and, upon timely application,
the court may, in its discretion, permit the Attorney General to intervene in
such civil action if he certifies that the case is of general public importance.
Upon application by the complainant and in such circumstances as the court may
deem just, the court may appoint an attorney for such complainant and may
authorize the commencement of the civil action without the payment of fees,
costs, or security.
     (b) Attorney's fees; liability of United States for costs
In any action commenced pursuant to this subchapter, the court, in its
discretion, may allow the prevailing party, other than the United States, a
reasonable attorney's fee as part of the costs, and the United States shall be
liable for costs the same as a private person.
```

ADA Title III,Reg 28 CFR Sec.36.505 Attorneys fees.

   In any action or administrative proceeding commenced pursuant to the Act or this part, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

relief is available to private persons, compensatory damages and injunctive relief are available in actions brought by the Attorney General, as well as attorneys' fees.

There is no cause of action for damages for private parties under Title III of the ADA, covering privately operated public accommodations. Americans with Disabilities Act of 1990, §§ 301(7)(F), 302(a), 42 U.S.C.A. §§ 12181(7)(F), 12182(a). *Proctor v. Prince George's Hosp. Center*, 32 F. Supp. 2d 820 (D. Md. 1998). Money damages are not available under public accommodations provision of ADA. Americans with Disabilities Act of 1990, § 308(a), 42 U.S.C.A. § 12188(a); Civil Rights Act of 1964, § 204, 42 U.S.C.A. § 2000a–3; 28 C.F.R. § 36.501. *Cole v. National Collegiate Athletic Ass'n*, 120 F. Supp. 2d 1060, 148 Ed. Law Rep. 935 (N.D. Ga. 2000).

The court may properly award monetary damages to aggrieved persons, pursuant to 42 U.S.C.A. § 12188(b)(2)(B), only where the Attorney General has become involved in the matter. Compensatory damages are only available under Americans with Disabilities Act (ADA) if civil action is initiated by Attorney General who requests monetary damages. Americans with Disabilities Act of 1990, § 308(b)(2)(B), 42 U.S.C.A. § 12188(b)(2)(B); 28 C.F.R. § 36.504(a)(2). *Jairath v. Dyer*, 972 F. Supp. 1461, 25 A.D.D. 476, 7 A.D. Cas. (BNA) 156 (N.D. Ga. 1997).

To prove a violation of the ADA, a plaintiff must prove three facts. First, he must have a disability. Second, the business is a place of public accommodation. Third, he was denied full and equal treatment because of his disability. (*Wilson v. Pier 1 Imports* (US), Inc. (E.D. Cal. 2006) 439 F. Supp. 2d 1054, 1067.)

In this action Mrs. Burgess sought injunctive relief. If successful she would have obtained injunctive relief only, not monetary damages. If successful in

prosecuting her action Mr. Finkelstein would be awarded his counsel fees and costs. Mrs. Burgess has no obligation to pay his counsel fees or costs.

**Facts as presented:**

A November 9, 2018 scheduling order provides, inter alia, "The plaintiff shall provide HIPAA compliant records and release authorizations to defendants no later than November 29, 2018."

A conference call was held with the court on December 6, 2018 because the attorney did not provide HIPPA authorizations by November 29, 2018, the date due. He told the court that he heard from his client and late on the 29th he was told she was not coming back to New York until after the New Year. He said she was down in Georgia. The Court said that his response was inadequate. The Court admonished him for not seeking an extension of time and for ignoring a court order.

The transcripts of the conference indicate that the following transpired:

THE COURT: Not sufficient. The fact that your client is in Georgia is irrelevant. There's mail in Georgia. You can mail her the HIPAA release. She can sign it. She can get it notarized. And she can mail it back to you. Even if your lame excuse were legitimate, the answer is not, as I have stressed to you previously, to simply ignore a court order. You have to ask for an exemption or an extension. You have to do something. You cannot simply ignore court orders. Okay You're under an order already that says if you another order you're going to